SO ORDERED.

Dated: January 26, 2021

Daniel P. Collins, Bankruptcy Judge



# THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| In re | CHAPTER 13 |
|---|---|
| LINDA BETH APOSTOLAKOS, | CASE NO. 2: 20-02728-DPC |
| Debtors. | **STIPULATED ORDER CONFIRMING CHAPTER 13 PLAN** |

The Chapter 13 Plan having been properly noticed out to creditors and any objection to confirmation having been resolved,

**IT IS ORDERED** confirming the Plan of the Debtors as follows:

(A) **INCOME SUBMITTED TO THE PLAN.** Debtors shall submit the following amounts of future income to the Trustee for distribution under the Plan.

(1) Future Earnings or Income. Debtors shall make the following monthly Plan payments:

| Months | Amount |
|---|---|
| 1-43 | $800 |

The payments are due on or before the 14th day of each month commencing April 14, 2020. Debtors are advised that when payments are remitted late, additional interest may accrue

- 1 -

In re: Apostolakos
Case No. 2: 20-02728-DPC

on secured debts which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be43 cured before the plan is deemed completed.

The Debtors shall provide to the Trustee copies of their **federal** and **state** income tax returns for post-petition years 2019 - 2022 within 30 days of filing them. The purpose is to assist the Trustee in determining any change in Debtors' annual disposable income.

(2) Other Property. The Debtors shall provide, directly to the Trustee their net federal and state income tax refunds for the years 2020 through 2022, as supplemental to the plan. In the event that other property is submitted, it shall be treated as supplemental payments

(B) **DURATION.** This Plan shall continue for 43 months from the first regular monthly payment described in Paragraph (A)(1) above. If at any time before the end of the Plan period all claims are paid, then the Plan shall terminate. In no event will the term of the Plan be reduced to less than 36 months, exclusive of any property recovered by the Trustee, unless all allowed claims are paid in full.

(C) **CLASSIFICATION AND TREATMENT OF CLAIMS.** Claims shall be classified as listed below. The Plan and this Order shall not constitute an informal proof of claim for any creditor. This Order does not allow claims. Claims allowance is determined by § 502 and the Federal Rules of Bankruptcy Procedure. The Trustee shall receive the percentage fee on the Plan payments pursuant to 28 U.S.C. § 586(e), then the Trustee will pay secured creditors or allowed claims in the following order:

(1) <u>Administrative expenses:</u>

<u>Attorney Fees.</u> Tom McAvity, shall be allowed total compensation of $4,500. Counsel received $50 prior to filing this case and will be paid $4,450 by the Chapter 13 Trustee.

(2) <u>Claims Secured by Real Property:</u>

(a) New American Funding, secured by a first deed of trust in the Debtors' residence, shall be paid the prepetition arrearage of *$-0-* with 0% interest. Regular post-

- 2 -

In re: Apostolakos
Case No. 2: 20-02728-DPC

petition payments will be made directly by the Debtors to the secured creditor. Any post-petition mortgage fees and expenses shall be paid directly by the Debtors to the secured creditor.

(3) <u>Claims Secured by Personal Property:</u>

(a) OneMain Financial, secured by a lien in 2014 Ford Focus, shall be paid a secured claim of $12,553.58 with 6% interest. The creditor will receive adequate protection payments of $100 per month. The balance of the debt shall be classified as unsecured.

(b) CarMax Auto Finance, secured by a lien in 2014 Chrysler Town and Country, shall be paid a secured claim of $9,112.73 with 6% interest. The creditor will receive adequate protection payments of $160 per month. The balance of the debt shall be classified as unsecured.

(4) <u>Unsecured Priority Claims:</u>

(a) None.

(5) <u>Surrendered Property:</u>

Upon confirmation of this plan or except as otherwise ordered by the Court, bankruptcy stays are lifted as to collateral to be surrendered. Such creditor shall receive no distribution until the creditor timely files a claim or an amended proof of claim that reflects any deficiency balance remaining on the claim. Assuming the creditor has an allowed proof of claim, should the creditor fail to file an amended claim consistent with this provision, the Trustee need not make any distributions to that creditor. Debtors surrender the following property:

(a) The Debtors will surrender 2008 Chrysler Town and Country in which OneMain Financial has a security interest.

(6) <u>Other Provisions:</u> None.

- 3 -

(7) <u>Unsecured Nonpriority Claims.</u> Claims allowance is determined by § 502 and the Federal Rules of Bankruptcy Procedure. Allowed unsecured claims shall be paid pro rata the balance of the payments under the Plan and any unsecured debt balance remaining unpaid upon completion of the Plan may be discharged as provided in 11 U.S.C. § 1328.

(D) **EFFECTIVE DATE AND VESTING.** The effective date of the Plan shall be the date of this Order. Property of the estate vests in Debtors upon confirmation, subject to the rights of the Trustee to assert a claim to any additional property of the estate pursuant to 11 U.S.C. § 1306.

**ORDER SIGNED ABOVE**

Approved as to Form and Content By:

_/s/_

Edward J. Maney, Trustee

_/s/_

Tom McAvity
Attorney for Debtors

_/s/ Michael_ December 13 2020

Michael Zdancewicz
Attorney for Creditor, OneMain Financial Group, LLC

- 4 -

Michael Zdancewicz
Attorney for Creditor, OneMain Financial

The Debtors certify: All required State and Federal Income tax returns have been filed No domestic support obligation is owed or, if owed, such payments are current since the filing of the Petition.

*[signature]*
LINDA BETH APOSTOLAKOS, Debtor

- 5 -

In re: Apostolakos
Case No. 2: 20-02728-DPC

Case 2:20-bk-02728-DPC   Doc 43   Filed 01/26/21   Entered 01/26/21 15:22:47   Desc
Main Document    Page 5 of 5